**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 14 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN ANDREW GOODRIDGE**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| WILBY STUMPH, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 82A01-1301-CR-32 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

---

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1101-FB-37

---

**August 14, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Wilby Stumph appeals his sentence for dealing in methamphetamine as a class B felony as enhanced by his adjudication as an habitual substance offender. Stumph raises one issue, which we revise and restate as whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.[1]

FACTS AND PROCEDURAL HISTORY

On January 7, 2011, Evansville Police Officers Robert Pylant, Michael Evans, Dennis Fair, and Chris Goergen responded to an area near the home of Angela and Matthew Bristow, where a strong chemical smell could be detected in the neighborhood, and the officers believed, based upon the smell, that they were near a methamphetamine lab. The officers identified the smell as emanating from the Bristows' home, in which Stumph was also living, staying there about four or five days each week. Angela Bristow was awakened by the police banging on her door, and she immediately noticed the chemical smell. Angela spoke with the officers and eventually signed a consent to search form allowing the police to search the residence. Inside the home, the officers observed an overpowering chemical odor consistent with a meth lab, and the officers were required to exit the property and call for assistance. The subsequent search of the home revealed many tools, precursors, and ingredients used in the manufacture of methamphetamine. Stumph was also present in the home and was arrested by the officers.

---

[1] A copy of Stumph's presentence investigation report, appearing on white paper instead of green paper, is located in the appellant's appendix. We remind Stumph that Ind. Appellate Rule 9(J) requires that "[d]ocuments and information excluded from public access pursuant to Administrative Rule 9(G) shall be filed in accordance with Trial Rule 5(G) and Administrative Rule 9(G)." Ind. Administrative Rule 9(G)(1)(b)(viii) states that "[a]ll pre-sentence reports as declared confidential by Ind. Code § 35-38-1-13" are "excluded from public access" and "confidential." The inclusion of the presentence investigation report printed on white paper in the appellant's appendix is inconsistent with Ind. Trial Rule 5(G).

On January 11, 2011, the State charged Stumph with dealing in methamphetamine as a class B felony. On October 18, 2011, the State filed an information charging Stumph with being an habitual substance offender. A jury trial commenced on November 26, 2012, and the jury found Stumph guilty of dealing in methamphetamine as a class B felony. Following the jury's verdict, Stumph pled guilty to the habitual substance offender count. On December 19, 2012, the court sentenced Stumph to twelve years on the dealing in methamphetamine conviction and enhanced the sentence by five years for the habitual substance offender adjudication for a total of seventeen years.

DISCUSSION

The issue is whether Stumph's sentence is inappropriate. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate.[2] Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006). Stumph requests that we revise his habitual substance offender enhancement to the minimum three-year

---

[2] In his brief, Stumph raises an argument implying that the court did not account for the fact that he pled guilty to the habitual substance offender charge as a mitigator when it issued its sentence, which is an argument commonly addressed under the ambit of abuse of discretion in sentencing. Appellant's Brief at 8-9. However, we note that Stumph begins his argument by observing that "[r]egardless of whether the trial court has sentenced the defendant within its discretion, this Court . . . has the authority to independently review the appropriateness of a sentence authorized by statute through Appellate Rule 7(B)." Id. at 6; see also Mendoza v. State, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), trans. denied. To the extent Stumph argues that the court abused its discretion in sentencing him, we need not address this issue because we review his sentence under Ind. Appellate Rule 7(B). See Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007) (holding that where the court on appeal finds that a trial court abused its discretion in sentencing the defendant, the court may either remand for resentencing or exercise the appellate court's authority to review the sentence under Ind. Appellate Rule 7(B)), reh'g denied.

term, noting that he pled guilty to the enhancement, for an aggregate revised sentence of fifteen years.

Our review of the nature of the offense reveals that Stumph was manufacturing methamphetamine at the Bristows' residence and the chemical smell of the manufacturing activity was overpowering. The responding officers were required to exit the residence and call for assistance due to the dangerous situation. The officers discovered a fully operational methamphetamine manufacturing operation and identified numerous tools, precursors, and ingredients used in the manufacture of methamphetamine present.

Our review of the character of the offender reveals that Stumph has a significant criminal history spanning twenty years. In 1992, Stumph was convicted of theft as a class D felony, criminal confinement as a class D felony, and battery resulting in bodily injury as a class A misdemeanor. In each case, Stumph was initially ordered to serve his sentence on community corrections, but in January 1993 petitions to revoke were filed in each and he was ordered to serve his sentences in the Department of Correction. In 2002, Stumph was convicted of dealing in methamphetamine as a class B felony and, prior to sentencing, was charged with battery resulting in bodily injury as a class D felony. Stumph was convicted of the battery charge and on February 5, 2003 he was sentenced under both cause numbers, receiving eight years in the Department of Correction for the dealing conviction and one year in the Department of Correction for the battery conviction. In 2007, Stumph was convicted of operating a motor vehicle without ever receiving a license as a class C misdemeanor and, under a different cause number,

4

visiting a common nuisance as a class B misdemeanor and possession of paraphernalia as a class A misdemeanor and was sentenced to ten days suspended on each conviction. In 2008, Stumph was convicted of possession of marijuana as a class A misdemeanor and was sentenced to ninety days suspended. Stumph's presentence investigation report notes that, in 2009, he was also charged with possession of a Schedule I, II, III, or IV controlled substance as a class D felony and possession of methamphetamine as a class D felony and, under the field noting the disposition of the charges, states: "11-26-12: Progress set for 12-19-12 at 1:00 p.m." Appellant's Appendix at 90.

We also note that, as Stumph notes in his brief, the court issued a sentence that was within the range he proposed. At sentencing, Stumph's counsel argued that "based on his criminal history," his sentence "would be at or slightly above the advisory sentence, ten to twelve," noted that the range on the habitual substance offender conviction was between three and eight years, and proposed: "Judge I'd be in the neighborhood of ten to twelve plus four to five would be what I would request." Transcript at 253. The State requested that the court follow the recommendation of the probation department and sentence Stumph to an aggregate term of twenty-three years.

Under the circumstances and after due consideration of the trial court's decision and of the record, we conclude that Stumph has not sustained his burden of establishing that his sentence of seventeen years is inappropriate in light of the nature of the offense and his character.

5

## CONCLUSION

For the foregoing reasons, we affirm Stumph's sentence for dealing in methamphetamine as a class B felony and his adjudication as an habitual substance offender.

Affirmed.

NAJAM, J., and MATHIAS, J., concur.